**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1997
_____

BLACK SHIP, LLC; 33 TAPS, LLC; HINOKI & THE BIRD, LLC,
individually and on behalf of all others similarly situated

v.

HEARTLAND PAYMENT SYSTEMS, LLC,
successor-in-interest to Heartland Payment Systems, LLC,
F/K/A Heartland Payment Systems, Inc.

HEARTLAND PAYMENT SYSTEMS, LLC,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:21-cv-13855)
District Judge: Honorable Zahid N. Quraishi

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 8, 2024

_____

Before: JORDAN, PHIPPS, and FREEMAN, *Circuit Judges*.

(Filed: September 17, 2024)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Two restaurants operating in Los Angeles, California initiated this putative class action in New Jersey federal court against a Georgia-based business with whom they had contracted for credit and debit card processing services. The restaurants claimed that the processing services provider charged new fees without giving the contractually required notice. In response, the processing services provider moved to compel arbitration or alternatively to dismiss the case for lack of personal jurisdiction. After the District Court denied that motion, the processing services provider challenged that ruling through this interlocutory appeal, as permitted by the Federal Arbitration Act. *See* 9 U.S.C. § 16(a)(1)(C). On *de novo* review, we will vacate the District Court's order and remand.

## FACTUAL BACKGROUND

Heartland Payment Services, LLC, a citizen of Georgia,[1] provides credit and debit card processing services. In March 2016, two restaurants in Los Angeles, California – 33 Taps, LLC and Hinoki & the Bird, LLC, which both had citizenship in Nevada and Virginia[2] – entered into a Merchant Processing Agreement with Heartland for its services.

That agreement, referred to herein as the 'Original MPA,' set forth the terms of the parties' business relationship. It contained a schedule of fees for processing credit and

---

[1] As an LLC, Heartland takes on the citizenship of its sole member, *see Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010), Global Payments, Inc., which is incorporated and has its principal place of business in Georgia.

[2] In response to this Court's March 11, 2024, order, the two restaurants identified their members and submembers, all of whom were citizens of Nevada or Virginia, giving those restaurants as LLCs citizenship in only those two states. *See Americold Realty Tr.*, 577 U.S. at 381; *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420; *see also* 28 U.S.C. § 1653 (allowing amendment of complaints to cure defective jurisdictional pleadings).

debit card transactions. It also permitted Heartland through a 'Unilateral Amendment Clause' to change or add terms at any time, effective upon notice:

> Changes: [Heartland] may change the terms of or add new terms to this Agreement at any time in accordance with applicable law. Any such changes or new terms shall be effective when notice thereof is given by [Heartland] either through written communication or on its Merchant website located at: https://infocentral.heartlandpaymentsystems.com.

*Id*. § 15.15 (JA137). The Original MPA also contained a 'Notice Clause,' which stated that a first-class mailing sufficed for notice:

> All notices and other communication required or permitted under this Agreement shall be deemed delivered when mailed first-class mail, postage prepaid, addressed to the Merchant at the address stated in the Application and to [Heartland] at the address set forth below, or at such other address as the receiving party may have provided by written notice to the other[.]

*Id.* § 14.1 (JA135).

The Original MPA also had several terms related to dispute resolution. It had a forum-selection clause, which required any lawsuit to be brought either in the United States District Court for the District of New Jersey or in the Superior Court in Mercer County, New Jersey. As a companion provision, the Original MPA included a choice-of-law clause, which identified New Jersey law as governing the agreement. The Original MPA, however, did not contain an arbitration clause.

Around May 2017, Heartland posted a document on its website, referred to herein as 'the Revised MPA.' Under the terms of that document, Heartland could charge higher fees immediately, unilaterally, and without prior notice. The Revised MPA also had different dispute-resolution terms. Its forum-selection and choice-of-law clauses used Georgia as the relevant jurisdiction for both purposes. In addition, the Revised MPA contained a class-action waiver and a mandatory arbitration clause.

3

Starting in 2019, Heartland began to charge higher fees consistent with the Revised MPA. In October 2021, the two restaurants (along with another Los Angeles based restaurant, Black Ship, LLC, which has since voluntarily dismissed its claims) filed a putative class action complaint against Heartland in the District Court. The claims in the complaint, as amended, centered on allegations that Heartland violated the Original MPA by charging higher fees than permitted under that agreement.

Heartland moved to dismiss for a lack of personal jurisdiction or in the alternative to compel arbitration. *See* Fed. R. Civ. P. 12(b)(2); 9 U.S.C. §§ 4, 6. Its defenses rested on the premise that the Revised MPA, not the Original MPA, governed the parties' relationship. In Heartland's view, that was so because under the Unilateral Amendment Clause of the Original MPA, the posting of the Revised MPA on Heartland's website effectuated that revised agreement. Thus, according to Heartland, because the Revised MPA governed the parties' relationship, there was no personal jurisdiction in New Jersey and arbitration was required.

In opposing that motion, the two restaurants argued that the Original MPA controlled the parties' relationship. They relied on the Notice Clause for the proposition that any notice must be provided through first-class mail, and since the Revised MPA was not sent through first-class mail, the requisite notice was not provided for the Revised MPA to take effect. From their perspective that the Original MPA continued to govern the parties' relationship even after May 2017, the restaurants asserted that there was no arbitration requirement and personal jurisdiction in New Jersey was proper.

Exercising subject-matter jurisdiction under the Class Action Fairness Act for minimally diverse classes of over 100 members with over $5 million in controversy, *see* 28 U.S.C. § 1332(d), the District Court denied Heartland's motion. *See Black Ship, LLC*

*v. Heartland Payment Sys., LLC*, 2023 WL 3585329, at *10 (D.N.J. May 22, 2023). In doing so, however, the District Court did not decide whether the Original MPA or the Revised MPA governed the parties' relationship after May 2017. Instead, it declined to "engage in contract interpretation at this stage," *id.* at *8 n.3, on the understanding that it was "obligated to credit [the restaurants'] interpretation" that there was an ambiguity in the Original MPA, *id.* at *8. With the denial of that motion, the case proceeded to discovery.

Heartland then invoked this Court's appellate jurisdiction over interlocutory orders denying arbitration. *See* 9 U.S.C. § 16(a)(1)(C). That grant of appellate jurisdiction extends to issues that are inextricably intertwined with the denial of arbitration, *see E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 203–04 (3d Cir. 2001), and Heartland now disputes both the denial of arbitration as well as the rejection of its personal-jurisdiction defense since both dispositions arguably depend on the same underlying issue: whether the Original MPA or the Revised MPA governed the parties' business relationship starting in May 2017.

## DISCUSSION

Neither the arbitrability issue nor the personal jurisdiction issue require factual findings for resolution. The parties do not contest that Heartland posted the Revised MPA on Heartland's website. Nor do they dispute that Heartland did not mail the Revised MPA to the restaurants. Likewise, they do not argue that the development of the factual record is necessary to interpret terms in either the Unilateral Amendment Clause or the Notice Clause.

Instead, both issues – arbitrability and personal jurisdiction – depend on the construction of the Unilateral Amendment Clause and the Notice Clause. And in this instance, that is a pure legal question. *See Sullivan ex rel. Sylvester L. Sullivan Grantor*

*Retained Income Tr. v. Max Spann Real Est. & Auction Co.*, 242 A.3d 870, 883 (N.J. App. Div. 2020), *aff'd as modified*, 276 A.3d 92 (N.J. 2022) ("Whether a contract terms is clear or ambiguous amounts to a question of law."); *see also Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med.*, 46 A.3d 1272, 1276 (N.J. 2012) ("[T]he interpretation of contract language is a question of law."). In interpreting those provisions, however, statements of legal conclusions in a pleading receive no weight. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327–28 (3d Cir. 2022) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009)). Thus, any assertion by the restaurants in their operative complaint that those clauses were ambiguous cannot be credited. Nor is an interpretation of an ambiguity in a legal document an inference that must be drawn in a plaintiff's favor at the motion-to-dismiss stage. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (limiting the scope of reasonable inferences at the motion-to-dismiss stage to those derived from factual allegations). Thus, the District Court was not under an obligation to credit the restaurants' interpretation of the Unilateral Amendment Clause and the Notice Clause; rather, it should have performed a legal interpretation. *See Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 76 (3d Cir. 2011) ("Courts have the responsibility to determine as a matter of law whether contract terms are clear or ambiguous.").

\* \* \*

For the foregoing reasons, we will vacate the District Court's order and remand the case for re-evaluation of Heartland's motion to compel arbitration or in the alternative to dismiss for a lack of personal jurisdiction.