**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

**33 TAPS**, **LLC, et al.,** *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

**HEARTLAND PAYMENT SYSTEMS, LLC**,

Defendant.

---

Civil Action No. 21-13855 (ZNQ) (JTQ)

**OPINION**

**QURAISHI, District Judge**

　**THIS MATTER** returns to the Court following the judgment entered by the United States Court of Appeals for the Third Circuit vacating the Court's denial of Defendant Heartland Payment System LLC's Motion to Dismiss or to Compel Arbitration (the "Motion) and remanding the matter for further proceedings.  (ECF No. 54.)  On remand, the Court is instructed to re-evaluate Defendant's grounds for arbitration or to dismiss for lack of personal jurisdiction.  (*Id.*)

　Per the Court's October 10, 2024, Order (ECF No. 58), Defendant's Motion was reinstated (ECF No. 24) and Defendant filed a renewed brief in support ("Moving Br.", ECF No. 63). Plaintiffs 33 Taps, LLC and Hinoki & the Bird, LLC (collectively, "Plaintiffs") filed a Second Amended Complaint (ECF No. 61) as well as a brief in opposition to the Motion ("Opp'n Br.", ECF No. 62).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant's Motion.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this litigation are well-known to the parties and are set forth more completely in the prior opinions of both this Court and the Third Circuit.  *See Black Ship, LLC v. Heartland Payment Sys., LLC*, Civ. No. 23-1997, 2024 WL 4210519 (3d Cir. Sept. 17, 2024); *Black Ship, LLC v. Heartland Payment Sys., LLC*, Civ. No. 21-13855, 2023 WL 3585329 (D.N.J. May 22, 2023).  The Court will therefore summarize the salient information.

In March 2016 and January 2017, respectively, Plaintiffs, restaurants operating in Los Angeles, California, entered into a Merchant Processing Agreement (the "Original MPA") with Defendant, a Georgia-based payment processing company, for Defendant's services.  The Original MPA contained a schedule of fees for processing credit and debit card transactions and permitted Defendant through a Unilateral Amendment Clause to change or add terms at any time, effective upon notice.  The Unilateral Amendment Clause stated that Defendant "may change the terms of or add new terms" to the Original MPA "at any time in accordance with applicable law" and that "[a]ny such changes or new terms shall be effective when notice thereof is given by [Heartland] either through written communication or on its Merchant website located at https://infocentral.heartlandpaymentsystems.com."  (ECF No. 26, Ex. 8, § 15.15.)  The Original MPA also contained a Notice Clause which stated that a first-class mailing sufficed for notice and other communication required or permitted under the agreement (*id*. § 14.1); a Jurisdiction and Venue Clause, which required any lawsuit to be brought either in this Court or in the Superior Court of New Jersey, Mercer County (*id.* § 15.13); and a Choice-of-Law Clause, which identified

New Jersey law as governing the agreement (*id*. § 15.12).  The Original MPA did not contain an arbitration clause.

In May 2017, Defendant posted to its website a revised MPA ("Revised MPA") which included several changes.  (ECF No. 26, Ex. 9).  Under the Revised MPA, (i) Defendant could charge higher fees immediately, unilaterally, and without prior notice, (ii) all disputes were required to be resolved though binding arbitration, (*id.* § 17.1), (iii) the agreement "shall be governed by the laws of the State of Georgia," (*id.* § 18.9), and (iv) any court action between the parties "shall be brought in either the courts of the State of Georgia sitting in Fulton County or the United States District Court for the Northern District of Georgia" (*id*. § 17.2).  It is undisputed that Defendant did not mail the Revised MPA to Plaintiffs.

Beginning in 2019, Defendant charged Plaintiffs various fees consistent with the revised MPA.  In October 2021, Plaintiffs initiated this putative class action against Defendant in this Court based on the allegation that Defendant breached the Original MPA by charging unauthorized fees under that agreement.  (ECF No. 16, Am. Compl.)  Plaintiffs alleged five counts against Defendant: declaratory judgment that its claims are governed by the Original MPA, (*id*. ¶¶154–63), breach of contract, (*id*. ¶¶ 164-74), breach of the implied covenant of good faith and fair dealing (*id*. ¶¶175–83), violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, (*id*. ¶¶ 184-95), and unjust enrichment (*id*. ¶¶ 196200).  Defendant moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or in the alternative to compel arbitration, arguing that the Revised MPA governed the parties' relationship because the posting of the Revised MPA on Defendant's website constituted sufficient notice to effectuate the revised agreement.  (ECF No. 25.)  Accordingly, Defendant argued that this Court lacked jurisdiction due to the Revised MPA's Jurisdiction and Venue Clause.

On May 22, 2023, this Court denied Defendant's motion to dismiss or compel arbitration but did not decide which MPA governed the parties' relationship. *See Black Ship*, 2023 WL 3585329, at *8. Instead, the Court declined to "engage in contract interpretation at this stage," on the understanding that the Court must credit the Plaintiffs' interpretation that there was an ambiguity in the Original MPA. *Id.* Defendant sought an interlocutory appeal from the Court's Order and disputed both the rejection of its personal jurisdiction defense and the denial of arbitration. In its decision, the Third Circuit noted that, because the construction of the Unilateral Amendment Clause and Notice Clause is a legal question, this Court was not under an obligation to credit the Plaintiffs' interpretation. *Black Ship*, 2024 WL 4210519, at *3. The Third Circuit therefore vacated the Court's order and remanded the matter with instructions for the Court to interpret the provisions and determine which MPA governed the parties' relationship at the time of suit so that it may reevaluate Defendant's Motion. *Id.*

On October 22, 2024, Plaintiffs filed a Second Amended Complaint consistent with a consent order issued by the Court following remand. (ECF No. 61.)

## II.    SUBJECT MATTER JURISDICTION

The Court has subject-matter jurisdiction under the Class Action Fairness Act. 28 U.S.C. § 1332(d)

## III.    LEGAL STANDARDS

### A.    RULE 12(B)(2) STANDARD

Under Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (second alteration in original) (internal quotation

marks and citations omitted). "If the district court does not hold an evidentiary hearing, 'the plaintiff[s] need only establish a prima facie case of personal jurisdiction.'" *Id.* (*citing O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)).

This Court may assert personal jurisdiction to the extent provided under New Jersey law. *See* Fed. R. Civ. P. 4(k)(1)(A); *Telcordia Tech Inc. v. Telkom SA Ltd.,* 458 F.3d 172, 177 (3d Cir. 2006). New Jersey's long-arm statute allows jurisdiction up to the limits of the Due Process Clause of the Fourteenth Amendment. N.J. Ct. R. 4:4–4; *see also Carteret Savings Bank, FA. v. Shushan,* 954 F.2d 141, 145 (3d Cir. 1992). The Due Process Clause allows in personam jurisdiction over nonresidents so long as the defendant "has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Harfouche v. Wehbe*, 950 F. Supp. 2d. 766, 770 (D.N.J. 2013) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

Minimal contacts can satisfy one of two types of personal jurisdiction: general or specific. *See id.* General jurisdiction applies when an individual or corporation is domiciled in the forum state. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("'[A]n individual's domicile, or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.'") (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction." *Daimler*, 571 U.S. at 137.

Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant when: (1) the defendant purposefully avails itself of the privilege of conducting its activities within the forum; (2) the litigation arises out of or relates to at least one of those activities; and if the prior two requirements are met, a court may consider whether (3) the exercise of jurisdiction comports

with fair play and substantial justice. *Sandy Lane Hotel Co.*, 496 F.3d at 317 (citation omitted). Defendants need not be physically located in the forum state while committing the alleged acts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *See Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 780 (1984). A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n.18.

### B.    RULE 12(B)(6) MOTION TO DISMISS STANDARD

A district court may grant a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. When considering a motion under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Thus, to survive a motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Twombly,* 550 U.S. at 570. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). The court may, however, ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

IV.    **DISCUSSION**

In its Motion, Defendant first contends that the Court should dismiss the Second Amended Complaint because the Court lacks personal jurisdiction over Defendant.  (Moving Br. at 10.)  In the alternative, Defendant urges the Court to compel arbitration in accordance with the Revised MPA's arbitration clause.  (*Id.* at 10.)  If the Court were to reach the merits, Defendant separately argues that Plaintiffs fail to state a claim.  Because personal jurisdiction is a threshold issue, the Court first considers whether it can exercise personal jurisdiction over Defendant.  *Haller v. Usman*, Civ. No. 22-773, 2022 WL 17131854, at *2 (D.N.J. Nov. 18, 2022) (stating that the "exercise [of] personal jurisdiction over [a] defendant" is a "threshold issue" because without personal jurisdiction over a defendant a court "cannot act").

A.    **PERSONAL JURISDICTION OVER DEFENDANT**

Plaintiffs allege that the Jurisdiction and Venue Clause in the Original MPA confers on the Court personal jurisdiction over Defendant because it provided that any suit arising out of the agreement shall be brought in this Court.  (SAC ¶ 32.)  Enforceable forum-selection clauses can confer personal jurisdiction upon both parties to a contract in the forum identified in the clause. *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 469 (D.N.J. 1998) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10-11 (1972)).  To accept Plaintiffs' argument, however, the Court must accept its underlying premise: that the Original MPA governed the parties' relationship at the time of the suit in 2021.  If the Revised MPA was properly effectuated in 2017, however, then this Court cannot exercise personal jurisdiction under the Original MPA's Jurisdiction and Venue Clause.  Therefore, the Court must determine which version of the MPA was operative at the time of suit.

1.    <u>Operative MPA</u>

The Court begins with the Original MPA's Unilateral Amendment Clause and the Governing Law Clause. The Unilateral Amendment Clause provided that any changes made to the Original MPA must comply with applicable law, and the Governing Law Clause stated that New Jersey law shall govern. Therefore, the parties agree that New Jersey law would govern the Original MPA, and the Court accordingly employs New Jersey contract law to evaluate whether Defendant successfully modified the Original MPA.

"A basic tenet of [New Jersey] law is the doctrine of freedom of contract." *Marcinczyk v. State of N.J. Police Training Comm'n*, 5 A.3d 785, 788 (N.J. 2010) (citing *Fivey v. Pa. R.R.*, 52 A. 472 (N.J. 1902)); *see also Whalen v. Schoor, DePalma & Canger Grp.*, 702 A.2d 1311, 1313 (N.J. Super. Ct. App. Div. 1997) ("Within the framework of modern commercial life, 'the basic tenant of freedom . . . of contract is a factor of importance.'" (quoting *Henningsen v. Bloomfield Motors, Inc.*, 161 A.2d 69, 84 (N.J. 1960)). Under the doctrine, "courts do not lightly interfere with th[e] freedom of contract." *Rodriguez v. Raymours Furniture Co.*, 138 A.3d 528, 538 (N.J. 2016) (internal quotation marks and citations omitted). Accordingly, "where the terms of a contract are clear and unambiguous, there is no room for interpretation or construction and the courts must enforce those terms as written." *Namerow v. PediatriCare Assoc., LLC*, 218 A.3d 839, 843 (N.J. Super. Ct. App. Div. 2018); *see also Matter of County of Atlantic*, 166 A.3d 1112, 1122 (N.J. 2017) ("[I]f the contract into which the parties have entered is clear, then it must be enforced as written.") (internal quotation marks and citation omitted); *Kampf v. Franklin Life Ins. Co.*, 161 A.2d 717 (N.J. 1960) ("Courts cannot make contracts for parties. They can only enforce the contracts which the parties themselves have made.")).

Plaintiffs primarily argue in opposition to the Motion that the Original MPA was unclear and ambiguous as a matter of law regarding notice. (Opp'n Br. at 5.) Plaintiffs allege that

Defendant failed to provide proper notice of the modifications made to the Original MPA and argue that there is conflict between the Unilateral Amendment Clause and the Notice Clause. (*Id.* at 6.) Plaintiffs argue that the Unilateral Amendment Clause permits notice of contractual changes to be made effective "when notice thereof is given by [Defendant] either though written communication or on its Merchant website" whereas the Notice Clause requires that "all notices and communications" be delivered by first-class mail. (*Id.*) As such, Plaintiffs argue that there is an ambiguity, under New Jersey law, as to whether Defendant was required to provide notice by first-class mail of contractual changes. Defendants argue that, as a matter of plain text, there is no tension between the two provisions. (Moving Br. at 7.) Defendant contends that the Notice Clause does not state that notice must be given only by first-class mail but rather it provides that written notice "shall be deemed delivered" when mailed first-class. In short, the Notice Clause deems first-class mailing sufficient to provide written notice, but it does not require that notice be given in this manner. (*Id.*) The Court agrees with Defendant.

"Whether a contract term is clear or ambiguous amounts to a question of law." *Sullivan ex rel. Sylvester L. Sullivan Grantor Retained Income Tr. v. Max Spann Real Est. & Auction Co.*, 242 A.3d 870, 883 (N.J. App. Div. 2020), *aff'd as modified*, 276 A.3d 92 (N.J. 2022). A contract is ambiguous if it is reasonably susceptible to two interpretations. *Cooper River Plaza East, LLC v. Briad Grp.*, 820 A.2d 690, 697 (N.J. Super. Ct. App. Div. 2003) (citation omitted). Generally, the terms of an agreement are to be given their plain and ordinary meaning. *M.J. Paquet, Inc. v. N.J. Dep't of Transp.*, 794 A.2d 141, 152 (N.J. 2002) (citation omitted).

The plain language of the Notice Clause does not mandate that notice be sent via first-class mail. Additionally, the Unilateral Amendment Clause provides an alternative method for providing notice in the context of contractual changes. As such, Defendant could have provided

notice either through a written communication sent via first-class mail or through its Merchant website. In accordance with the plain text of the Unilateral Amendment Clause, Defendant chose the latter option. That the Notice Clause provides that notice will be "deemed delivered" when mailed does not amount to a conflict in the Original MPA because the clause does not require first-class notice. *See Harfouche*, 950 F. Supp. 2d at 772 (finding a forum selection clause ambiguous as to jurisdiction where the clause provided that an action may be brought in "specialized courts in Lebanon and the United States of America"). The Court therefore finds that the terms of the contract are clear and that its interpretation gives effect to both clauses, consistent with the general principle that "[a] contract must be construed as a whole" and the Court "should not torture the language of a contract to create ambiguity." *Assisted Living Assocs. of Moorestown, L.L.P. v. Moorestown Twp.*, 31 F. Supp. 2d 389, 398 (D.N.J. 1998) (internal citations omitted).

Where, as here, the Court deems a contract clear, New Jersey law is straightforward: the contract must be enforced as written. *See Giaccone v. Canopius U.S. Ins. Co.*, 133 F. Supp. 3d 668, 673–74 (D.N.J. 2015) (citing *Sheet Metal Workers In'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d. Cir. 2013) ("[T]he Supreme Court of New Jersey has repeatedly instructed that clear and unambiguous contracts leave no room for interpretation or construction and must be enforced as written.")). Given that the Court does not find the contract ambiguous, it also finds that Defendant effectuated the Revised MPA in 2017 and thus the Revised MPA governed the parties' relationship at the time of suit. Therefore, the Jurisdiction and Venue Clause contained in the Original MPA cannot confer on the Court personal jurisdiction over Defendant.

2.    Personal Jurisdiction Through Pre-Merger Domicile

The Court will briefly consider Plaintiffs' other personal jurisdiction argument to evaluate whether it may serve as a basis to assert personal jurisdiction over Defendant.

Plaintiffs allege in the Second Amended Complaint that Defendant's corporate predecessor ("Old Heartland") was domiciled in New Jersey and previously had consistent and systematic contacts within the state. (SAC ¶ 32.) Defendant contends that Old Heartland is not a party to this dispute and Plaintiffs did not enter a contract with Old Heartland. (Prior Moving Br. at 15, ECF No. 25; Moving Br. at 10.) Defendant argues that Plaintiffs did not contract with Defendant until after April 11, 2016, after Old Heartland ceased to exist as a separate entity. (Prior Moving Br. at 15.)

First, in alleging personal jurisdiction attaches to Defendant because its corporate predecessor maintained a principal place of business in New Jersey, Plaintiffs in part attempt to establish general jurisdiction over Defendant. *Daimler AG*, 571 U.S. at 137 ("With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction."") Significantly, however, general jurisdiction may not be established solely on a defendant's corporate predecessor's past activity where a plaintiff has otherwise alleged no "*current* business activity [in] New Jersey." *See Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 441 (D.N.J. 2015) (emphasis in original). The Second Amended Complaint does not allege current business activity in New Jersey. Alleging only that Defendant's corporate predecessor maintained "consistent and systematic contacts [in] New Jersey" (SAC ¶ 32) also falls well short of supporting an argument that specific jurisdiction exists over Defendant. Without any allegations that Defendant is currently engaged in substantial business activity in New Jersey—or that this litigation arises out of or relates to that activity—Plaintiffs' argument that they meet the high threshold for personal jurisdiction based on Old Heartland's past relationships in New Jersey must fail as well. *Id.*; *see Daimler AG*, 571 U.S. at 137 (outlining the high bar a plaintiff must meet to establish specific jurisdiction).

11

In sum, the Court finds Plaintiffs have not met their burden of establishing personal jurisdiction over Defendant in New Jersey.

### C.     TRANSFER

Having concluded that personal jurisdiction is lacking, the Court will consider whether transfer is appropriate. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought . . . ."). The Court notes, however, that neither party has sought to transfer. Instead, Defendant advocates solely for dismissal. (Moving Br. at 10.)

Courts may nonetheless transfer cases sua sponte rather than dismiss them "if [doing so] is in the interest of justice." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (alteration in original) (citing 28 U.S.C. § 1631) (explaining that a district court may transfer a case at a parties' request or sua sponte). Transfer is limited to districts in which the action could have originally been brought, 28 U.S.C. § 1631, however, a district court "need not investigate on its own all other courts that 'might' or 'could have' heard the case," *Danziger*, 948 F.3d at 132. A district court "must make findings under § 1631, at least when the parties identify other courts that might be able to hear their case." *Id.*

Here, Plaintiffs have not raised any concern that their claims might be become time-barred if the case were dismissed without prejudice, nor has Defendant sought transfer. It is therefore unclear to the Court whether transfer is the more appropriate remedy. Even if it were, it is likewise

unclear based on the current record whether transfer to California, Delaware, Georgia or some other jurisdiction would best serve the parties' interests. The Court will therefore dismiss this case without prejudice.[1] *See Abira Med. Lab'ys, LLC v. Blue Cross and Blue Shield of Illinois*, Civ. No. 24-955, 2024 WL 4345411, at *6 (D.N.J. Sept. 30, 2024) ("Because the Court is unaware of what interests and intentions may have led the parties not to seek transfer, the case shall be dismissed without prejudice."); *Rinaldi v. FCA US LLC*, Civ. No. 22-00886, 2022 WL 17340667, at *7 (D.N.J. Nov. 30, 2022) (declining to sua sponte transfer a matter "when doing so may be counter to those interests and intentions").

## V.     <u>CONCLUSION</u>

For the reasons stated above, the Court will GRANT Defendant's Motion, and the Second Amended Complaint will be DISMISSED WITHOUT PREJUDICE. An appropriate Order will follow.


**Date:** May 27, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[1] To be clear, the Court finds that further amendment to the Complaint is futile such that the proceedings in this District can be considered concluded. *Grayson v. Mayview State Hosp.*, 293 F.3d, 114 (3d Cir. 2002). Dismissal without prejudice is merely the appropriate result of a finding of lack of personal jurisdiction. *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022). By this posture, Plaintiffs retain their right to seek relief in a more appropriate forum.